UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| PETITIONER, | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-843 |
| 12.97983000 BITCOIN SEIZED FROM BINANCE USER ID: 443401465, and | § § § § | |
| 1.30459657 BINANCE COIN SEIZED FROM BINANCE USED ID: 443401465, | § § § § | |
| RESPONDENTS. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure., and respectfully states as follows:

## NATURE OF THIS ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the following property:

1. 12.97983000 Bitcoin (BTC) seized from Binance User ID: 443401465; and

2. 1.30459657 Binance Coin (BNB) seized from Binance User ID: 443401465,

hereinafter referred to as the Respondent Property.

## POTENTIAL CLAIMANTS

The only known potential claimant for this forfeiture is Patrick Lambrecht, a German national and owner of Binance User ID: 443401465.

## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Property under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(l) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to Title 28 U.S.C. §§ 1355(b)(l)(B) and 1395(b) because the Respondent Property was immediately received and initially retained in the district as part of the seizure process.

## STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Property for violations of Title 18 U.S.C. §§ 1030 and 1956 (Fraud Related Activity in Connection with Computers and Money Laundering), and subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. §§ 98l(a)(1)(A) and (C), which state:

> **§ 981.  Civil forfeiture**
> **(a)(l)** The following property is subject to forfeiture to the United States:
> \* \* \*
> **(A)** Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.
> \* \* \*
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.
>
> **§ 1030.  Fraud and related activity in connection with computers**
> **(a)** Whoever—
>
> **(1)** having knowingly accessed a computer without authorization or exceeding authorized access, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, as defined in paragraph y. of section 11 of the Atomic Energy Act of 1954, with

2

reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it or willfully retains the United States entitle to receive it;

**(2)** intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains—
**(A)** information contained in a financial record of a financial institution, or of a card issuer as defined in section 1602(n) of title 15, or contained in a file a consumer reporting agency on a consumer, as such terms are deinged in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.) . . .

### § 1956.  Laundering of monetary instruments

**(a)(1)**  Whoever, knowing that the property involved in a financial transaction represents the proceed of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity

**(a)(2)**   Whoever transports, transmits, or transfers, or attempts to transport,transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place In the United States from or through a place outside the United States

**(b)(1)** Whoever conducts or attempts to conduct a transaction described in subsection (a)(1) or (a)(3), or a transportation, transmission, or transfer described in subsection (a)(2), is liable to the United States for a civil penalty of not more than the greater of the value of the property, funds, or monetary instruments involved in the transaction.

**FACTS IN SUPPORT OF VERIFIED COMPLAINT FOR FORFEITURE**

1. In October 2022, the Victim contacted the FBI's Internet Crime Complaint Center to report a theft of 200.7072 Ether from his Trezor Hardware Wallet. At the time, 200.7072 Ether was worth approximately $328,205.00.

2. The theft occurred on September 15, 2022 when the Victim accessed his wallet to check his Ether balance.

3. After multiple failed login attempts, the Victim used his recovery seed phrase, which he kept secured in a locked safe.

4. The Victim was able to access his wallet and observed a correct balance of 200.7072 Ether.

5. On September 21, 2022, the Victim checked his balance a second time and noticed his entire Ether balance of 200.7072 had previously been sent, without his consent, to another address on September 15, 2022, during the same timeframe that the Victim deployed his recovery seed phrase.

6. Working on the Victim's behalf, a private investigator determined the executable filename, "ScreenConnect.ClientService.exe" was flagged as potential malware during a custom virus scan and was responsible for the illicit capture of the Victim's recovery seed phrase.

7. The FBI confirmed that based on an examination of event logs from the Victim's computer, the executable file named "ScreenConnect.ClientService.exe" was active and monitoring the Victim's computer during the approximate time of the theft.

8. Moreover, logs showed the executable file has accessed multiple registry key files on the Victim's computer in the months leading up to the theft.

9. FBI also confirmed the transfer of the Victim's 200.7072 Ether occurred during the same approximate time window the Victim reported using his recovery seed phrase.

10. On November 7, 2022, FBI's review of the blockchain determined that on October 26, 2022, 204.5438594 Ether was transferred from the perpetrator's wallet address to another address held at the Binance exchange.

11. On November 8, 2022, FBI requested records from Binance regarding that analysis of other transactions, and these Binance records showed the perpetrator had traded a large portion of the currency only minutes after moving it to Binance on October 26, 2022.

12. Specifically, the perpetrator traded 173.48 Ether for 12.8730834 Bitcoin.

13. Binance records revealed Partrick Lambrecht as the user of the Binance account and perpetrator in this case.

14. Lambrecht's accounts contained several other types of cryptocurrencies to include: BNB, Bitcoin, DUSD, Dai, Euro, Litecoin, Polygon, TetherUS, and Monero.

15. As of November 9, 2022, the accounts contained a combined equivalent of approximately 13.00211998 Bitcoin, valued at $216,702.00.

16. Furthermore, between October 26, 2022, and November 9, 2022, approximately 84 other transactions occurred within Lambrecht's accounts, including trades and withdrawals of various currencies.

17. Lambrecht would use the accounts to hide the source and destination of his illicitly procured funds by using the following techniques: moving funds rapidly in a series of small amounts to various accounts, converting the funds to other forms of virtual currency, and commingling their fraud proceeds.

*Seizure of the Respondent Property*

18. On November 18, 2022, FBI San Antonio Division CY-2 Squad executed a federal seizure warrant for all accounts associated with Binance User ID: 443401465. The warrant was executed via email to Binance (case@binance.com).

19. On January 5, 2023, Binance transferred 12.97983000 BTC from Lambrecht's BTC address to a government-controlled BTC address. According to ycharts.com, as of January 5, 2023, one BTC was equal to approximately $16,855.17 United States dollars. Therefore, 12.97983000 BTC approximately converts to $244,469.00 in United States currency.

20. On January 5, 2023, Binance transferred 1.30459657 BNB from Lambrecht's BNB address to a government-controlled BNB address. According to Nasdaq.com, as of January 5, 2023, one BNB was equal to approximately $257.10 United States dollars. Therefore, 1.30459657 BNB approximately converts to $256.29 in United States currency.

21. These facts reasonably establish that the Respondent Property constitutes or derives from proceeds traceable to violations of Title 18 U.S.C. §§ 1030 and 1956, and the Respondent Property is thereby subject to civil forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(l)(A) and (C).

## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Property, that due notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] and in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., that the Respondent Property be forfeited to the United States

---

[1] Appendix A, Notice of Complaint for Forfeiture, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

of America, that the Property be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By: *Mark Tindall*

Mark J. Tindall
Assistant United States Attorney
Asset Forfeiture Section
903 San Jacinto Blvd, Ste 334
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5854
Texas Bar No. 24071364
Email: mark.tindall@usdoj.gov
Attorneys for the United States of America

## VERIFICATION

Special Agent Blake E. Crow, declares and says that:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), assigned to the San Antonio Division CY-2 Squad, and I am the investigator responsible for the accuracy of the information provided in this litigation.

2. I have read the above Verified Complaint for Forfeiture and know: the contents thereof; the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and the allegations contained in the Verified Complaint for Forfeiture are true based on information and belief.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July **20**, 2023.

_____
Blake C. Crow, Special Agent
Federal Bureau of Investigation