UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PETITIONER,<br>-against-<br><br>12.97983000 BITCOIN SEIZED FROM BINANCE USER ID: 443401465, and<br><br>1.30459657 BINANCE COIN SEIZED FROM BINANCE USED ID: 443401465,<br><br>RESPONDENTS. | Index No.: 1:23-CV-843<br><br>**AMENDED ANSWER**<br><br>**JURY TRIAL DEMANDED** |

Claimant Patrick Lambrecht, by his attorney, Igor Litvak, Esq., as and for his Amended Answer to the Petitioner Complaint with affirmative defenses, responds, upon information and belief, as follows:

## NATURE OF THIS ACTION

The section dubbed Nature of Action states the nature and character of the property the Petitioner seeks to seize.

1. Admits that 12.97983000 Bitcoin (BTC) was seized from Binance User ID: 443401465. This Respondent Property belongs to the Claimant.

2. Admits that 1.30459657 Binance Coin (BNB) was seized from Binance User ID: 443401465. This Respondent Property belongs to the Claimant.

## POTENTIAL CLAIMANTS

Admits that Patrick Lambrecht, a German national and owner of Binance User ID: 443401465, is the Claimant for this forfeiture action.

## JURISDICTION AND VENUE

Section III of Petitioner's Complaint states a conclusion of law and does not require a response. To the extent Section III may be read to make allegations of facts

concerning the Claimant's property, those allegations are denied.

## STATUTORY BASIS FOR FORFEITURE

Section IV of Petitioner's Complaint states a conclusion of law and does not require a response. To the extent section 4 may be read to make allegations of facts concerning the Respondent's property, those allegations are denied.

## FACTS IN SUPPORT OF VERIFIED COMPLAINT FOR FORFEITURE

1. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 1 of the Complaint and, therefore, denies all allegations contained therein.

2. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 2 of the Complaint and, therefore, denies all allegations contained therein.

3. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 3 of the Complaint and, therefore, denies all allegations contained therein.

4. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 4 of the Complaint and, therefore, denies all allegations contained therein.

5. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 5 of the Complaint and, therefore, denies all allegations contained therein.

6. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 6 of the Complaint and, therefore, denies all allegations contained therein.

7. Denies knowledge or information sufficient to form a belief as the truth of

the allegations set forth in paragraph 7 of the Complaint and, therefore, denies all allegations contained therein.

8. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 8 of the Complaint and, therefore, denies all allegations contained therein.

9. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 9 of the Complaint and, therefore, denies all allegations contained therein.

10. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 10 of the Complaint and, therefore, denies all allegations contained therein.

11. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 11 of the Complaint and therefore, denies all allegations contained therein, except for he denies the allegations set forth in paragraph 11 of the Complaint that Claimant is "perpetrator" in this case. Admits that the Claimant was the legitimate owner of the Binance account, and he made that trade.

12. Denies the allegations set forth in paragraph 12 of the Complaint that the Claimant is "perpetrator" in this case. Admits that the Claimant was the legitimate owner of the Binance account, and he made that trade.

13. Denies the allegations set forth in paragraph 13 of the Complaint that the Claimant is the "perpetrator in this case." Admits that the Claimant was the legitimate owner of the Binance account.

14. Admits that Claimant's account legitimately contained several other types of cryptocurrencies including BNB, Bitcoin, DUSD, Dai, Euro, Litecoin, Polygon, TetherUS, and Monero.

15. Admits that as of November 9, 2022, the Claimant's account legitimately contained a combined equivalent of approximately 13.00211998 Bitcoin, valued at $216,702.00.

16. Admits that between October 26, 2022, and November 9, 2022, approximately 84 other legitimate transactions occurred within the Claimant's account.

17. Denies the allegations set forth in paragraph 17 of the Complaint as all the transactions were legitimate.

## SEIZURE OF THE RESPONDENT PROPERTY

18. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 18 of the Complaint and, therefore, denies all allegations contained therein.

19. Admits that on January 5, 2023, Binance transferred 12.97983000 BTC from the Claimant's legitimate BTC address to a government-controlled BTC address. Admits that as of January 5, 2023, one BTC was equal to approximately $16,855.17 United States dollars, and 12.97983000 BTC approximately converted to $244,469.00 in United States currency.

20. Admits that on January 5, 2023, Binance transferred 1.30459657 BNB from the Claimant's legitimate BNB address to a government-controlled BNB address. According to Nasdaq.com, as of January 5, 2023, one BNB was equal to approximately $257.10 United States dollars, and 1.30459657 BNB approximately converted to $256.29 in United States currency.

21. Denies the allegations set forth in paragraph 21 of the Complaint as all the transactions were legitimate. Denies that Respondent Property is thereby subject to civil forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(l)(A) and (C) because Claimant acquired the Respondent Property in an arm-length transaction(s) with legitimate funds, which he obtained lawfully and in compliance with all applicable law and regulations. The funds used for the

purchases included gifts from his father and uncle, totaling $100,000, and his income earned from his professional work in Germany and Russia from 2014 through 2022. On or about June 14th, 2023, the Claimant submitted his petition with the appropriate seizing agency demanding the release of the seized Respondent Property. Exhibit 1.

## PRAYER

22.  Claimant denies each & every allegation set forth in the "WHEREFORE" clause of the Complaint and denies that Petitioner is entitled to any relief. The Claimant is an innocent owner of the Respondent Property, and he did not know of the conduct giving rise to the forfeiture.

## AFFIRMATIVE DEFENSES

23.  In addition, Claimant alleges the following affirmative defenses with respect to all of Petitioner's claims and causes of action:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.  The Claimant is an innocent owner of the Respondent Property, which he legitimately acquired sometime in the fall of 2022. Thus, when the Claimant acquired his interest in the property, he was a bona fide purchaser for value. He did not know and was reasonably without cause to believe that the property was subject to forfeiture. As such, he is protected by innocent owner defense under the Civil Asset Forfeiture Reform Act of 2000 as codified by 18 U.S.C. § 983(d)(3); United States v. $ 157,808.97, 309 F App'x 851, 853 (5th Cir. 2009).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.  The Petitioner's seizure of the Claimant's property violates his Fourth Amendment right to be free from illegal searches and seizures.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31.  Petitioner's claims are barred by the doctrine of unjust enrichment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. Petitioner is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading, or incomplete allegations.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

33. Petitioner cannot obtain the forfeiture it seeks because that result would be constitutionally disproportionate.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

34. The Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

35. The Claimant acted in good faith at all times relevant to the Complaint

### **CLAIMANT'S DEMAND FOR JURY TRIAL**

36. Claimant hereby demands a trial by jury of all issues so triable.

### **PRAYER**

**WHEREFORE**, Claimants prays that this Court enter a judgment as follows:

Dismissing the Complaint with prejudice, entering a judgment in favor of Claimant, and releasing seized Respondent Property to him;

Awarding Claimant costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and such further and other relief as the Court may deem just and proper.

Dated: June 3rd, 2024

    /s/ Igor Litvak _____
Igor Litvak, Esq.
The Litvak Law Firm , PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
718-989-2908
Igor@LitvakLawNY.com
Attorneys for Claimant Patrick Lambrecht

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 3rd, 2024, I filed the foregoing with the Clerk of the Court by CM/ECF System, which will send notification of such filing to the appropriate parties, including:

JAIME ESPARZA
United States Attorney

Mark J. Tindall
Assistant United States Attorney
Asset Forfeiture Section
903 San Jacinto Blvd, Ste 334
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5854
Texas Bar No. 24071364
Email: mark.tindall@usdoj.gov
Attorneys for the United States of America

/s/ Igor Litvak
_____
Igor Litvak, Esq.