UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **PETITIONER,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. A-23-CV-843-RP |
| | § | |
| **12.97983000 BITCOIN SEIZED FROM BINANCE USER ID: 443401465, and** | § | |
| | § | |
| **1.30459657 BINANCE COIN SEIZED FROM BINANCE USER ID: 443401465,** | § | |
| | § | |
| **RESPONDENTS.** | § | |

## MOTION TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15, the United States submits the following motion to amend its complaint for forfeiture.

**I.    Procedural History**

On July 21, 2023, the United States filed its Complaint for Forfeiture. (Doc. 1.) The claimant, Patrick Lambrecht, filed his claim and answer on December 21, 2023. (Doc. 8.) After promulgating interrogatories pursuant to Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, the parties filed a joint proposed scheduling order on May 22, 2024. (Doc. 9.) The Claimant filed an Amended Answer on June 3, 2024. (Doc. 10.) While this proposed scheduling order has yet to be adopted by the Court, it set a deadline of June 3 to file motions to amend or supplement pleadings or to join additional parties. (Doc. 9.)

**II.    Legal Standard**

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-*

*Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

While the parties have engaged in discovery related to the claimant's standing through Federal Rule G, they have not begun other forms of discovery. The Court has not issued a scheduling order, and the amended complaint should not delay the proceedings. Therefore, the United States moves the Court to allow it to amend its Complaint for Forfeiture.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By:     /s/
Mark J. Tindall
Assistant United States Attorney
Asset Forfeiture Section
903 San Jacinto Blvd, Ste. 334
Austin, Texas 78701
Tel: (512) 916-5858
Texas Bar No. 24071364
Email: mark.tindall@usdoj.gov
Attorneys for the United States of America

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2024, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which transmits notification of such filing to the following CM/.ECF participant:

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
Email: igor@litvaklawny.com

                                                       /s/
                                         Mark J. Tindall
                                         Assistant United States Attorney